FILED

10/06/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0021

DA 20-0021

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 257N

IN THE MATTER OF THE GUARDIANSHIP
AND CONSERVATORSHIP OF A.M.M.,

     Incapacitated Person.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                    In and For the County of Lake, Cause Nos. DG 14-2 and DG 14-3
                    Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Genet McCann, Self-represented, Big Sky, Montana

        For Appellee:

                Kent P. Saxby, Johnson, Berg, & Saxby, PLLP, Kalispell, Montana

Submitted on Briefs:  September 2, 2020

Decided:  October 6, 2020

Filed:

                               _____
                                     Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On this fourth appeal in these proceedings,[1] Genet McCann (McCann) appeals three orders of the Twentieth Judicial District Court, Lake County: (1) the November 27, 2019 Order Approving Sixth and Final Accounting (July 1, 2018-July 20, 2019) and Terminating Co-Conservatorship; (2) the November 26, 2019 Order expanding the Rule 11 Order of June 24, 2015; and (3) the November 21, 2019 Order reiterating the clerk cannot file any pleadings from McCann that have not been certified by an attorney. We affirm the District Court.

¶3 McCann's main focus on appeal is her continued efforts to remove Judge James A. Manley from presiding over the guardianship and conservatorship proceedings of her mother, A.M.M., and to void all orders entered by Judge Manley in the case. McCann attempted to file an Affidavit to Disqualify Judge Manley on November 13, 2019— fourteen days before the scheduled November 27 hearing on the co-conservators' petition

---

[1] *See In re Guardianship & Conservatorship of A.M.M.*, No. DA 16-0729, 2017 MT 227N, 2017 Mont. LEXIS 566; *In re Guardianship & Conservatorship of A.M.M.*, 2016 MT 213, 384 Mont. 413, 380 P.3d 736; *In re Guardianship & Conservatorship of A.M.M.*, 2015 MT 250, 380 Mont. 451, 356 P.3d 474.

to terminate the conservatorship and without certification from a licensed attorney. Even if this motion had been properly filed, however, the motion to disqualify Judge Manley was untimely, as the statute requires affidavits to disqualify to be filed 30 days before a scheduled hearing. *See* § 3-1-805(1)(a), MCA.

¶4 McCann has further failed to raise any cognizable objections to the sixth and final accounting. She asserted denial of the right to "corporate access and discovery," citing § 35-1-1106 and -1107, MCA (2017), *repealed by* 2019 Mont. Laws ch. 271, § 269 (effective June 1, 2020), and Title 72, chapter 38, MCA, but such claims are corporate governance issues, not conservatorship issues. She asserted certain rental income was unaccounted for, but the accountant for the conservator estate explained the additional rental income due from tenants on the subject properties is now owed to the probate estate and is not a conservatorship issue. The District Court did not err in approving the final accounting and closing the conservatorship based on these issues.

¶5 Finally, the District Court did not abuse its discretion in issuing orders enforcing and expanding its prior Rule 11 sanctions against McCann. As evidenced by the affidavit to disqualify that McCann attempted to file on November 13, 2019, McCann continues in her efforts to file groundless motions on issues that have been previously litigated and determined.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

3

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶7     Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR